[Cite as *Ontario v. Eichar*, 2014-Ohio-2607.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CITY OF ONTARIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 13CA92 |
| RANDALL EICHAR | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from Mansfield Municipal Court,
                             Case No. 2012-CRB-00479

JUDGMENT:                    Conviction, Sentence and Plea Vacated
                             and Remanded for further proceedings

DATE OF JUDGMENT ENTRY:      June 16, 2014

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant


JOHN D. STUDENMUND                    JAMES L. CHILDRESS
Renwick, Welsh & Burton               Calhoun, Kademenos &
9 N. Mulberry Street                  Childress Co., L.P.A.
Mansfield, Ohio 44902                 P.O. Box 268
                                      Mansfield, Ohio 44901-0268

*Hoffman, P.J.*

{¶1}    Defendant-appellant Randall Eichar appeals his conviction set forth in the September 5, 2013 Judgment Entry entered by the Mansfield Municipal Court.  Plaintiff-appellee is the City of Ontario.

STATEMENT OF THE CASE[1]

{¶2}    A misdemeanor complaint was filed in the Mansfield Municipal Court by the City of Ontario alleging Appellant violated City of Ontario Ordinance Section 541.06, Destruction of Shrubs, Trees or Crops, a fourth degree misdemeanor.  Section 541.06 is equivalent to R.C. 901.51.  On December 5, 2012, Appellant entered a plea of no contest to the charge.  No finding was entered at that time.

{¶3}    The matter proceeded to a hearing on [restitution] damages on March 7, 2013.

{¶4}    Via Judgment Entry of September 5, 2013, Appellant was convicted of the charge and ordered to pay treble damages pursuant to the ordinance in the amount of $21,066.36.

{¶5}    Appellant appeals, assigning as error:

{¶6}    "I. THE NO CONTEST PLEA WAS INVALID AND THE LOWER COURT IMPROPERLY USED IT TO PRESUME GUILT.

{¶7}    "II. THE PROSECUTION FAILED TO PROVE GUILT BEYOND A REASONABLE DOUBT AND PROVE DAMAGES.

{¶8}    "III. THE DAMAGES AWARDED WERE NOT PROVEN AND TREBLE DAMAGES WERE NOT WARRANTED.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

**{¶9}**  "IV. THE COURT IMPROPERLY ALLOWED THE ALLEGED VICTIM'S COUNSEL TO CONDUCT THE PROSECUTION OVER DEFENDANT'S OBJECTION."

I.

**{¶10}** Ohio Revised Code Section 2937.07 and Criminal Rule 11 govern the entry of a plea to a criminal charge.

**{¶11}** R.C. 2937.07 reads, in pertinent part,

**{¶12}** "A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the *judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense*. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of "no contest" or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding."  (Emphasis added.)

**{¶13}** Ohio Criminal Rule 11 states, in pertinent part,

**{¶14}** "(E) Misdemeanor cases involving petty offenses

**{¶15}** "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

**{¶16}** "The counsel provisions of Crim. R. 44(B) and (C) apply to division (E) of this rule."

**{¶17}** In the case before the trial court, the following exchange occurred at the plea hearing:

**{¶18}** "THE COURT: All right.  We're here on the case of, I guess, the City of Ontario versus Randall Eichar.  Mr. Boyd, it's my understanding your client is prepared to enter a No Contest Plea to the original charge and that this matter will be reserved for finding at a later point in time for a Review Hearing; is that correct?

**{¶19}** "MR. BOYD: That's correct, Your Honor.

**{¶20}** "THE COURT: All right.

**{¶21}** "MR. BOYD: I think he's scheduled, I believe for a Restitution Hearing - -

**{¶22}** "THE COURT: All right.

**{¶23}** "MR. BOYD: - - is the outstanding issue.

**{¶24}** "THE COURT: All right.  And is that your understanding also, Mr. Eichar?

**{¶25}** "MR. EICHAR: Yes.

**{¶26}** "THE COURT: Okay.  And your client's plea, Mr. Boyd?

**{¶27}** "MR. BOYD: No contest.

**{¶28}** "THE COURT: All right.  The Court will set [sic] that No Contest Plea and find that it's knowingly and voluntarily given.  The Court will reserve finding in this matter, the Court will see this matter for a Review Hearing on restitution and at that point in time that matter will also be set for sentencing that day, okay?

**{¶29}** "MR. BOYD: Thank you.

**{¶30}** "THE COURT: Very good, all right.

**{¶31}** "MR. BOYD: The understanding was however, if he pays restitution, that the matter will be dismissed."

**{¶32}** Tr. at 3-4.

**{¶33}** The record does not reflect the trial court explained to Appellant the charge or the effect of the plea before accepting the same. The court did not call for an explanation of the circumstances of the offense at the plea hearing. In order to satisfy the requirements of Criminal Rule 11, a dialogue on the record is required. We find the trial court failed to comply with Crim.R.11.[2]

**{¶34}** Appellant's first assignment of error is sustained.

## II, III, and IV.

**{¶35}** Based upon our analysis and disposition of Appellant's first assigned error, we find Appellant's second, third and fourth assigned errors are premature.

**{¶36}** Appellant's conviction, sentence and plea in the Mansfield Municipal Court are vacated. The matter is remanded to that court for further proceedings in accordance with the law and this opinion.

By: Hoffman, P.J.

Farmer, J. and

Baldwin, J. concur

---

[2] It is arguable the testimony presented at the Restitution Hearing satisfied the requirements of R.C. 2937.07.